UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD C. WHITAKER,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO SUPERIOR COURT, et. al.,<br><br>Defendants. | No.  2:25-cv-1044-TLN-CKD PS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff proceeds pro se in this action, which was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. Plaintiff requests to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915 so the request will be granted.

I.  **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

/////

1

II. **ALLEGATIONS IN THE COMPLAINT**

Plaintiff's complaint names the Solano County Superior Court and Darlene Lynch Woodcock, mediator/life coach, as defendants. The details are sparse, but plaintiff alleges that "Solano Superior Court, specifically family law division, in conjunction with the mediator Darlene Lynch Woodcock, participated in several bias (*sic*) decisions against said plaintiff." (ECF No. 1 at 5.) Plaintiff asserts federal jurisdiction under "249(A)(1), 245(B)(2), and 28 U.S. Code § 144." (Id. at 4.)

Plaintiff seeks "punitive money damages and a restoral of rights and acknowledgment of lack of due process." (Id. at 6.)

III. **PLEADING STANDARDS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

IV. **THE COMPLAINT DOES NOT STATE A CLAIM**

A. **Eleventh Amendment Immunity**

Plaintiff purports to bring claims for damages against the Solano County Superior Court regarding plaintiff's family law case. Under the facts alleged, the superior court is immune from suit.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities[.]" Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Because the superior court is an agency of the state, suits against the court or its employees in their official capacity for monetary damages are barred by the Eleventh Amendment. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003). Accordingly, plaintiff cannot proceed on any claims against the Sacramento County Superior Court.

### B. Federal Jurisdiction

Plaintiff lists 28 U.S.C. § 144 as a basis for federal jurisdiction. Plaintiff is informed that that 28 U.S.C. § 144 provides a mechanism for a litigant to address a federal district court's alleged personal bias or prejudice. The statute, however, does not address a state court judicial officer's bias. Plaintiff also alleges violations of "249(A)(1)" and "245(B)(2)," but the Court is unable to discern the nature of plaintiff's assertions without full statutory citations or titles.

### C. Darlene Lynch Woodcock

Plaintiff makes no factual allegations regarding defendant Woodcock describing her as a "mediator/life coach."

In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff's allegations do not satisfy the requisite standard. The complaint does not plead adequate facts to support any cause of action. Thus, the complaint fails to allege a "plain statement of the claim" in a "simple, concise, and direct" manner. Fed. R. Civ. P. 8(a)(2) & (d)(1).

### V. CONCLUSION

The complaint must be dismissed. It appears plaintiff may not be able to state a valid claim for relief premised on the events described in the complaint. Out of caution, however, the court will grant leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se

litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the deficiencies identified herein. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. In any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff is unable or unwilling to cure the complaint's deficiencies, then plaintiff may file a notice of voluntary dismissal.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 15, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Whitaker.25.1044.screen